**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| FELIPE RODRIGUEZ, JR.,           )<br>                                                    )<br>                        Plaintiff,      )<br>                                                    )<br>        vs.                                         )<br>                                                    )<br>STEVIE KNIGHT,                       )<br>                                                    )<br>                        Defendant.  )<br>_____) | No. 1:21-459-DCN-SVH<br><br>**ORDER** |

       This matter is before the court on United States Magistrate Judge Shiva V. Hodges's report and recommendation ("R&R"), ECF No. 18, that the court grant defendant Stevie Knight's ("Knight") motion for summary judgment, ECF No. 13. For the reasons set forth below, the court declines to adopt the R&R and denies the motion.

## I.  BACKGROUND

       Plaintiff Felipe Rodriguez, Jr. ("Rodriguez") is a federal inmate incarcerated at the Federal Correctional Institution in Estill, South Carolina. Knight is the warden at Rodriguez's facility. Rodriguez is serving a 120-month sentence imposed by the Middle District of Florida for possession with intent to distribute heroin and as a felon in possession of a firearm. Rodriguez alleges that the Federal Bureau of Prisons ("BOP") has failed to apply his earned time credits, as provided by the First Step Act, 18 U.S.C. § 3632(d)(4)(A), for certain training and activities. He alleges that he is entitled to 365 days of earned time credit, allowing "for immediate transfer to pre-release custody to include [a residential reentry center] or home confinement." ECF No. 1-1 at 12, Compl. Rodriguez's projected release date is August 28, 2025. ECF No. 13-1 at 1. Knight agrees that Rodriguez is currently identified as eligible to earn First Step Act time credits,

1

that Rodriguez is identified as low risk recidivism level for First Step Act purposes, and that Rodriguez has earned time credits under the First Step Act. Rodriguez's needs were initially assessed in December 2019 and have been reassessed on a number of occasions since that time. However, Knight maintains that while Rodriguez was eligible to <u>earn</u> time credits as early as January 15, 2020, the BOP had no obligation to <u>award</u> any earned time credits until January 15, 2022.

On February 12, 2021, Rodriguez filed the instant action against Knight seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Hodges. On April 7, 2021, Knight filed a motion for summary judgment. ECF No. 13. On May 27, 2021, Magistrate Judge Hodges issued the R&R, recommending that the court grant Knight's motion. ECF No. 18. On July 19, 2021, Rodriguez filed objections to the R&R. ECF No. 24. Knight did not object to the R&R or respond to Rodriguez's objections, and the time to do so has now expired. As such, the matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a <u>de novo</u> review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270–71 (1976). However, <u>de novo</u> review is unnecessary when a party makes

general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent

standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

### III.   DISCUSSION

In his motion for summary judgment, Knight argued that Rodriguez failed to exhaust his administrative remedies and that the BOP had no obligation to apply earned time credits under the terms of the First Step Act until January 15, 2022.  In the R&R, the magistrate judge bypassed the exhaustion issue and recommended that the court find Rodriguez's petition premature since the January 15, 2022 deadline for the BOP's implementation of the First Step Act incentive program had not yet passed.  The R&R therefore recommended that the court grant Knight's motion for summary judgment.

Rodriguez objects to the R&R in two respects.  First, he argues that he was not required to exhaust his administrative remedies.  Second, he argues that the magistrate judge erroneously concluded that the BOP was not obligated to apply earned time credits under the First Step Act until January 15, 2022.  The court discusses each objection in turn, ultimately declining to adopt the R&R because the January 15, 2022 deadline has now passed.

To begin, Rodriguez objects to the R&R on the ground that he was not required to exhaust his administrative remedies before submitting his § 2241 petition.  Rodriguez argues that § 2241 does not contain an exhaustion requirement.  The magistrate judge explicitly addressed this point in the R&R, explaining that "[a]lthough § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to

4

exhaust their administrative remedies prior to seeking habeas review under § 2241." ECF No. 18 at 5.  Nevertheless, the magistrate judge did not recommend granting Knight's motion for summary judgment based on any exhaustion requirement.  Rather, the R&R explained that "because [Rodriguez]'s underlying claim seeking application of earned time credits under the First Step Act is without merit, the court need not resolve the exhaustion issue."  ECF No. 18 at 9.  Ultimately, the issue of exhaustion had no bearing on the magistrate judge's recommendation that the court grant the motion for summary judgment.  However, because the court disagrees with the magistrate judge's conclusion that summary judgment is warranted on the merits, the court briefly addresses the exhaustion issue below.

The court agrees with the R&R that while § 2241 does not contain a statutory exhaustion requirement, courts consistently impose such a requirement before entertaining § 2241 petitions.  See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice.") (internal citations omitted).  Nevertheless, courts in this district and others have held that for petitioners seeking habeas relief, the exhaustion requirement may be excused under certain circumstances, such as by showing futility or irreparable harm.  See McCullough v. Bureau of Prisons, 2019 WL 1767393, at *2 (D.S.C. Apr. 22, 2019) (observing that the exhaustion requirement may be excused for irreparable harm, such as when a petitioner remains "incarcerated past his projected release date under the First Step Act" but ultimately dismissing petition without prejudice

for failure to exhaust administrative remedies where there was no such showing); Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016) (stating that "exhaustion is not required with regard to claims which turn only on statutory construction"); Wright v. United States, 2019 WL 2746630, at *7 (W.D. Wash. June 5, 2019) ("To the extent the BOP has predetermined the issue, and made it clear that any request Mr. Wright makes to the BOP for calculation of good time credits under the amended statute will be denied, there is no available administrative remedy. Under these circumstances, it would be futile for Mr. Wright to attempt to exhaust his administrative remedies."), report and recommendation adopted, 2019 WL 2743636 (W.D. Wash. July 1, 2019); Bradley v. Spaulding, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021) (dismissing petitioner's request for application of earned time credits under the First Step Act where "Petitioner has not alleged facts that would permit a finding that exhaustion would have been futile, or that requiring exhaustion would subject him to irreparable injury"). Rodriguez argues that he is entitled to immediate transfer from BOP custody to pre-release custody, "which is arguably an allegation of irreparable harm." Montoya Villagomez v. Knight, 2021 WL 6494745, at *3 (D.S.C. June 16, 2021), report and recommendation adopted, 2021 WL 5979670 (D.S.C. Dec. 17, 2021); see Nelson v. Cox, 2021 WL 1221178, at *2 (D.S.D. Apr. 1, 2021) (holding petitioner seeking application of earned time credits under the First Step Act need not exhaust administrative remedies where he "has alleged facts to show that requiring him to exhaust his administrative remedies before coming into court would cause him irreparable harm because he is allegedly already entitled to be released from prison"). Therefore, the court excuses Rodriguez's failure to exhaust his administrative remedies in this instance.

Rodriguez next argues that the magistrate judge's conclusion that the BOP need not apply earned time credits under the First Step Act until January 15, 2022 is incorrect for two reasons. First, the conclusion "is at odds with the plain language of the relevant statute." ECF No. 24 at 1. Second, the conclusion is based on impermissible speculation on "matters that deal with liberty interests and as to Congress's intent." ECF No. 24 at 4 (emphasis omitted). The court need not address these objections or the R&R's recommendation underlying these objections because the January 15, 2022 deadline has now passed, such that the BOP is now obligated to award time credits. The court fails to see how Rodriguez's action remains premature after this deadline, and Knight has not provided any argument on the matter. Therefore, the court finds moot Knight's argument that he is entitled to summary judgment because Rodriguez's action is premature before January 15, 2022 and likewise finds moot the R&R's recommendation to that effect.[1] Therefore, the court declines to adopt the R&R's recommendation in this regard.

---

[1] Knight's argument that Rodriguez's grievances were prematurely raised was essentially an argument that the action was not ripe. "[T]he ripeness requirement is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 732–33 (1998) (internal quotations and citations omitted). However, courts addressing questions of ripeness frequently take into consideration the development of facts after the filing of the complaint and even after a decision issued by a lower court on the matter. See, e.g., Blanchette v. Conn. Gen. Ins. Corps., 419 U.S. 102, 140 (1974) ("[S]ince ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern.").

Because Knight provides no other argument to support a grant of summary judgment in his favor, the court denies the motion.[2]

## IV.  CONCLUSION

For the foregoing reasons the court **DECLINES TO ADOPT** the R&R and **DENIES** the motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**March 16, 2022**
**Charleston, South Carolina**

---

[2] The denial is without prejudice to afford Knight the opportunity to argue that the action remains premature after January 15, 2022 or that he is entitled to summary judgment on other grounds.